IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-65,050-01






EX PARTE CRISTOBAL BAZAN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


CAUSE NO. CR-1989-04-I(1) 

IN THE 398th DISTRICT COURT

HIDALGO COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus that was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted of
the offense of aggravated assault, and punishment was assessed at confinement for eight
years. No direct appeal was taken. 

 Applicant contends that he was denied his right to appeal because his counsel failed
to file notice of appeal despite Applicant's request to do so. The trial court entered an order
designating issues on June 14, 2006. On June 20, 2006, this Court received the application,
but the designated issues have not yet been resolved. We believe that the application was
prematurely forwarded to this Court. Therefore, it is this Court's opinion that additional facts
need to be developed and because this Court cannot hear evidence, the trial court is the
appropriate forum. The trial court shall resolve those issues as set out in Tex. Code Crim.
Proc. art. 11.07, § 3 (d), in that it may order affidavits, depositions, or interrogatories, or it
may order a hearing. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court shall then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether Applicant was denied his right to appeal through ineffective assistance of
counsel. The trial court shall also make any further findings of fact and conclusions of law
it deems relevant and appropriate to the disposition of the application for writ of habeas
corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 26TH DAY OF JULY, 2006.






DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.